JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 10 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE INSULIN MANUFACTURING ANTITRUST   )    DOCKET NO. 418
LITIGATION                             )

OPINION AND ORDER

---

BEFORE ANDREW A. CAFFREY, CHAIRMAN, AND ROY W. HARPER, CHARLES
R. WEINER, EDWARD S. NORTHROP, AND ROBERT H. SCHNACKE, JUDGES
OF THE PANEL.

PER CURIAM

This litigation consists of three actions pending in

three federal districts:  one each in the Northern District

of Illinois, the Northern District of California and the

Eastern District of Pennsylvania.  Involved in this litigation

are alleged anticompetitive practices in the animal pancreas

gland industry (animal pancreas glands are the "raw material"

for insulin) and the finished insulin industry.

The Chicago Regional Office of the Federal Trade Commission

(FTC) conducted an investigation concerning alleged unfair

methods of competition (1) in the purchase and sale of pancreas

glands used in the manufacture of insulin and (2) in the

manufacture and sale of insulin.  The FTC investigation

resulted in a proposed consent order between the FTC and

Eli Lilly and Company (Eli Lilly) which was published on

September 21, 1979.  Armour Pharmaceutical Company (Armour)

and Eli Lilly represent that the FTC investigation spawned

the filing of the three actions in this litigation.  Other

FPI—MAR—3-27-79-6M-1781

parties, however, maintain that plaintiff in the Illinois action spawned the FTC investigation.

The Illinois action was filed in March, 1978, by By-Prod Corporation (By-Prod), a small pancreas gland collector, against Eli Lilly, Armour and twelve other defendants. The complaint in this action alleges, inter alia, that By-Prod attempted to enter the business of collecting and selling animal pancreas glands and other by-products in 1973; that defendants conspired to eliminate By-Prod as a competitor through refusals to buy animal pancreas glands from By-Prod and by inducing other customers or suppliers to refuse to deal with By-Prod; and that defendants' activities constitute violations of Sections 1 and 2 of the Sherman Act.  By-Prod seeks both injunctive relief and damages.

The Illinois action was originally filed in the Northern District of California but was transferred by the court in California to the Northern District of Illinois, pursuant to 28 U.S.C. §1404(a) and §1406(a).  Plaintiff and four of the defendants had stipulated to the transfer.

Pretrial proceedings are advanced in the Illinois action. More than 30,000 pages of documents and 40 reels of microfilmed records have been produced.  Several sets of interrogatories have been answered.  Five weeks of depositions have been completed and additional depositions have been scheduled.

The Pennsylvania action was filed by the Philadelphia Geriatric Center (Philadelphia Geriatric) in late November, 1979, as a class action, on behalf of all non-governmental purchasers of insulin from Eli Lilly, against Eli Lilly,

Armour and Novo Industri A/S (Novo).  The complaint alleges,
inter alia, that those who purchased finished insulin from
Eli Lilly since 1952 did so at prices that were artificially
fixed at levels higher than competitive levels.  The complaint
charges defendants with having violated Sections 1 and 2
of the Sherman Act and plaintiff seeks both injunctive relief
and damages. Limited pretrial proceedings have occurred
in this action.

The California action was filed by O'Neill Meat Company
(O'Neill) and Food Equipment Leasing (Food Equipment) in
December, 1979, as a class action on behalf of all meat
packers selling animal pancreas glands to Eli Lilly, Armour
and H.A. Salzman and Company (Salzman), the defendants.
The complaint alleges, inter alia, that since 1952 defendants
have conspired to fix, maintain and stabilize the prices
paid for beef and pork pancreas glands, in violation of
Section 1 of the Sherman Act.  Plaintiffs seek damages.
No discovery has occurred in this action.

The matter is before the Panel on the motion of Eli
Lilly and Armour, pursuant to 28 U.S.C. §1407, to centralize
the three actions in this litigation in the Northern District
of Illinois for coordinated or consolidated pretrial proceedings.
O'Neill and Food Equipment, plaintiffs in the California
action, join in the motion.  Novo, defendant in the Pennsylvania
action only, states that it does not oppose the motion.
By-Prod, plaintiff in the Illinois action; and Philadelphia
Geriatric, plaintiff in the Pennsylvania action, oppose

the motion.  No other party has responded.[1]

We find that, although these actions involve some common questions of fact, transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, we deny the motion to transfer.

While movants acknowledge that there may be some unique factual issues involved in each of the three actions because of the different positions of the various plaintiffs in the pancreas and insulin industry, movants argue that common questions of fact relating to the following issues, among others, predominate in this litigation:  (1) the manner in which insulin manufacturers and other collectors and brokers of glands deal with slaughterhouses and packing plants; (2) the relationships between the manufacturers of insulin and the suppliers of pancreas glands; (3) the alleged price-fixing and stabilization of prices for animal pancreas glands; and (4) claims of monopolization of both the pancreas gland and insulin markets.  Thus, movants contend that coordinated or consolidated pretrial proceedings under Section 1407 would prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings, conserve judicial resources, and otherwise serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Movants note that the transferee

---

1/ Movants represent that Salzman, a defendant in the California action, "has authorized [movants] to represent that it does not oppose transfer of the [California] action to Chicago."

judge would have the broad discretion to allow discovery on issues unique to any action to proceed concurrently with the common discovery.

We find these arguments unpersuasive.  The Illinois action was commenced over two years ago, considerable discovery has occurred in this action, and the Illinois plaintiff maintains that the action is nearly ready for trial.  Thus, on the basis of the record before us, inclusion of the Illinois action in centralized pretrial proceedings could delay the termination of that action without producing any overriding benefit to the litigation as a whole.  See In re Celotex Corporation "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 505 (J.P.M.L. 1975).

Only two other actions are involved here.  And, although we recognize the existence of common questions of fact between these two actions, movants have not met their burden of convincing us that these common factual questions are sufficiently complex and that the accompanying discovery will be so time consuming as to justify transfer under Section 1407. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969).

We observe that suitable alternatives to Section 1407 transfer are available in order to minimize the possibility of duplicative discovery.  For example, the parties may request from the appropriate district courts that discovery completed in any action and relevant to one or both of the other actions be made applicable to those actions; or the parties could seek to agree upon a stipulation that any

discovery relevant to more than one action may be used in
all those actions.  See also  In re the Upjohn Company Antibiotic
Cleocin Products Liability Litigation, 81 F.R.D. 482 (E.D.
Mich. 1979); Manual for Complex Litigation, Parts I and
II, §§3.11 (rev. ed. 1977).  Also, consultation and cooperation
among the three concerned district courts, if viewed appropriate
by those courts, coupled with the cooperation of the parties,
would minimize the possibility of conflicting pretrial rulings.
See In re Raymond Lee Organization Inc. Securities Litigation,
446 F. Supp. 1266, 1268 (J.P.M.L. 1978).

IT IS THEREFORE ORDERED that the motion pursuant to
28 U.S.C. §1407 to transfer the actions listed on the following
Schedule A be, and the same hereby is, DENIED.

DOCKET NO. 418

SCHEDULE A

NORTHERN DISTRICT OF ILLINOIS

By-Product Corp. v. Eli Lilly and Co.,          C.A. No.
et al.                                          78C3627

EASTERN DISTRICT OF PENNSYLVANIA

Philadelphia Geriatric Center, etc. v.          C.A. No.
Eli Lilly and Co., et al.                        794364

NORTHERN DISTRICT OF CALIFORNIA

O'Neill Meat Co., et al. v. Eli Lilly           C.A. No.
and Co., et al.                                 C79-3755-SAW